UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 18-80558-CV-MIDDLEBROOKS/BRANNON

GARY H. LEBBIN, et al.,

    Plaintiffs,

v.

TRANSAMERICA LIFE INSURANCE
COMPANY,

    Defendant.

---

DEFENDANT TRANSAMERICA LIFE INSURANCE COMPANY'S
REPLY MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFFS' COMPLAINT

---

Markham R. Leventhal
Richard J. Ovelmen
Julianna Thomas McCabe
CARLTON FIELDS JORDEN BURT, P.A.
Miami Tower, Suite 4200
100 S.E. Second Street
Miami, Florida 33131

Dawn B. Williams
CARLTON FIELDS JORDEN BURT, P.A.
Suite 400 West
1025 Thomas Jefferson Street, NW
Washington, DC 20007

*Counsel for Defendant
Transamerica Life Insurance Company*

# **TABLE OF CONTENTS**

*Page*

TABLE OF AUTHORITIES ................................................................................................... ii

REPLY ARGUMENT ............................................................................................................. 1

I.     FLORIDA LAW GOVERNS ALL SUBSTANTIVE ISSUES IN THIS CASE, AND THERE ARE NO CHOICE OF LAW ISSUES PREVENTING DISMISSAL ................................................................................................................. 2

II.    PLAINTIFFS' CLAIMS ARE BARRED BY THE RELEVANT STATUTES OF LIMITATIONS AND REPOSE ............................................................................. 3

    A.    Plaintiffs' Claims Are Barred by Maryland's Statute of Limitations ..................... 3

    B.    The Misrepresentation Claims are Barred by Florida's Statute of Repose ............ 5

III.   PLAINTIFFS DO NOT STATE A CLAIM FOR BREACH OF CONTRACT ................ 6

IV.   PLAINTIFFS' FRAUD AND NEGLIGENT MISREPRESENTATION CLAIMS FAIL ON THE MERITS ........................................................................................... 8

V.    PLAINTIFFS CANNOT STATE A CLAIM FOR VIOLATIONS OF THE MARYLAND CONSUMER PROTECTION ACT ............................................................ 9

VI.   PLAINTIFFS MISAPPLY THE LAW OF UNJUST ENRICHMENT ........................... 10

CONCLUSION ........................................................................................................................ 10

CERTIFICATE OF SERVICE ................................................................................................ 12

# TABLE OF AUTHORITIES

*Page*

**Cases**

*Advisors Excel, L.L.C. v. Scranton*,
    2014 WL 12543802 (S.D. Fla. Sept. 15, 2014) ..................................................................1

*Begualg Investment Management, Inc. v. Four Seasons Hotel Ltd.*,
    2012 WL 1155128 (S.D. Fla. April 5, 2012) ......................................................................8

*Berry v. Budget Rent A Car Systems, Inc.*,
    497 F. Supp. 2d 1361 (S.D. Fla. 2007) .......................................................................2, 10

*In re Checking Account Overdraft Litigation*,
    2013 WL 5774287 (S.D. Fla. Oct. 24, 2013) ....................................................................9

*City of Delray Beach v. Agricultural Insurance Co.*,
    936 F. Supp. 931 (S.D. Fla. 1994) ....................................................................................6

*Cooper v. Berkshire Life Insurance Co.*,
    810 A.2d 1045 (Md. Ct. App. 2002) ............................................................................4, 5

*CTS Corp. v. Waldburger*,
    134 S. Ct. 2175 (2014) ......................................................................................................6

*Curry v. Trustmark Insurance Co.*,
    600 F. App'x 877 (4th Cir. 2015) .....................................................................................4

*Del Monte Fresh Produce Co. v. Dole Food Co.*,
    148 F. Supp. 2d 1326 (S.D. Fla. 2001) .............................................................................3

*Drilling Consultants, Inc. v. First Montauk Securities Corp.*,
    806 F. Supp. 2d 1228 (M.D. Fla. 2011) ........................................................................8, 9

*Elyazidi v. Suntrust Bank*,
    780 F.3d 227 (4th Cir. 2015) ............................................................................................9

*Gentry v. Harborage Cottages-Stuart LLLP*,
    2008 WL 1803637 (S.D. Fla. Apr. 21, 2008) ...................................................................6

*Gladney v. American Western Home Insurance Co.*,
    2016 WL 1366029 (D. Md. Apr. 6, 2016) ........................................................................9

*Hepp v. The Paul Revere Life Insurance Co.*,
    120 F. Supp. 3d 1328 (M.D. Fla. 2015) ...........................................................................6

# **TABLE OF AUTHORITIES**
(continued)

Page

*Hess v. Philip Morris USA, Inc.*,
    175 So. 3d 687 (Fla. 2015) ..................................................................................................6

*Joseph v. Bernstein*,
    2014 WL 12600805 (S.D. Fla. Apr. 21, 2014) .....................................................................5

*Lamm v. State Street Bank & Trust Co.*,
    889 F. Supp. 2d 1321 (S.D. Fla. 2012), *aff'd*, 749 F.3d 938 (11th Cir. 2014) ...................................................................................................................................2

*Larach v. Standard Chartered Bank International (Americas) Ltd.*,
    724 F. Supp. 2d 1228 (S.D. Fla. 2010) ................................................................................7

*Managed Care Solutions, Inc. v. Community Health Systems, Inc.*,
    2011 WL 6024572 (S.D. Fla. Dec. 2, 2011) .......................................................................7

*Martorella v. Deutsche Bank National Trust Co.*,
    931 F. Supp. 2d 1218 (S.D. Fla. 2013) ..............................................................................10

*President & Directors of Georgetown College v. Madden*,
    505 F. Supp. 557 (D. Md. 1980) .........................................................................................3

*Silver Creek Farms, LLC v. Fullington*,
    2018 WL 1990522 (S.D. Fla. Feb. 15, 2018) ...................................................................10

*Thelen v. Massachusetts Mutual Life Insurance Co.*,
    111 F. Supp. 2d 688 (D. Md. 2000) ................................................................................4, 5

*Tune v. Philip Morris Inc.*,
    766 So. 2d 350 (Fla. 2d DCA 2000) ...................................................................................3

*In re U.S. Sugar Corp. Litigation*,
    669 F. Supp. 2d 1301 (S.D. Fla. 2009) ................................................................................2

*Varner v. Domestic Corp.*,
    2017 WL 3730618 (S.D. Fla. Feb. 7, 2017) .......................................................................6

*Ventana Hotels & Resorts, LLC v. Havana Libre Hotel, LLC*,
    2007 WL 2021940 (S.D. Fla. July 11, 2007) .....................................................................7

*Whitney National Bank v. SDC Communities, Inc.*,
    2010 WL 1270266 (M.D. Fla. April 1, 2010) ..................................................................8, 9

# TABLE OF AUTHORITIES
(continued)

*Page*

*Zarrella v. Pacific Life Insurance Co.*,
    755 F. Supp. 2d 1231 (S.D. Fla. 2011) ..................................................................................6

**Statutes**

28 U.S.C. § 1404(a) .......................................................................................................................3

Florida Statute § 95.031(2) ............................................................................................................5

Md. Code Ann., Cts. & Jud. Proc. § 5-101 ....................................................................................3

**Rules**

Federal Rule of Civil Procedure 9(b).............................................................................................9

U.S. District Court, Southern District of Florida Local Rule 7.1(c)..............................................1

Pursuant to Local Rule 7.1(c), Defendant Transamerica Life Insurance Company ("Transamerica") submits this reply memorandum in response to Plaintiffs' Opposition (DE 55) (the "Response") to Transamerica's Motion to Dismiss the Complaint (DE 43) (the "Motion").

## **REPLY ARGUMENT**

According to the Response, the essence of Plaintiffs' complaint is that the Lebbins were defrauded 28 years ago in 1990 by Transamerica's agent Jack Kaye, who misrepresented that the Policies would provide "permanent" life insurance coverage "that would insure the Lebbins for life." Response at 2-3, 14-15. This alleged misrepresentation, however, is directly contrary to express contract language which unequivocally states that (i) the Policies will pay death benefits only "*if both Joint Insureds die before the policy anniversary nearest Joint Equal Age 100*, and (ii) the Policies "will pay *the net cash value*, if any, … if both or either Joint Insured is living on that date." Policies at 1 (emphasis added). The Policies also state that they "*will terminate*" on "the policy anniversary nearest Joint Equal Age 100." Policies at 15 (emphasis added).[1] The Response does not deny that the Lebbins received the Policies, which may be considered with the Motion. *See Advisors Excel, L.L.C. v. Scranton,* 2014 WL 12543802, at *2 (S.D. Fla. Sept. 15, 2014) (court may consider documents central to plaintiffs' claims, the authenticity of which is not challenged). The plain language of the Policies put the Plaintiffs on notice of their claims decades ago, and Plaintiffs have failed to identify any provision of the Policies that could reasonably be construed as providing "permanent" insurance "for life." Plaintiffs' claims fail on the merits and are barred by the applicable statute of limitations and statute of repose. For the reasons set forth herein and in the Motion, the Complaint should be dismissed with prejudice.

---

[1] The Policies state that the Joint Equal Age was 73 upon issuance of the 1990 Policy, and 74 upon issuance of the 1991 Policy. Policies at 2.

**I.      FLORIDA LAW GOVERNS ALL SUBSTANTIVE ISSUES IN THIS CASE, AND THERE ARE NO CHOICE OF LAW ISSUES PREVENTING DISMISSAL**

Plaintiffs first contend that a motion to dismiss must be denied when a complaint implicates choice of law issues. Response at 6. This is incorrect. Courts in this Circuit routinely apply a choice of law analysis in granting motions to dismiss. *See, e.g.*, *Lamm v. State Street Bank & Trust Co.*, 889 F. Supp. 2d 1321, 1326-27, 1333 (S.D. Fla. 2012) (concluding Florida law applied and granting motion to dismiss with prejudice), *aff'd*, 749 F.3d 938 (11th Cir. 2014); *In re U.S. Sugar Corp. Litig.*, 669 F. Supp. 2d 1301, 1328-30 (S.D. Fla. 2009) (applying choice of law analysis despite parties' disagreement over which state's law should apply and dismissing claim); *Berry v. Budget Rent A Car Sys., Inc.*, 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) (applying choice of law analysis "as a threshold matter," and granting motion to dismiss).

Plaintiffs also mischaracterize the Motion as "declar[ing] that Maryland law applies to the Lebbins' contracts [*sic*] claims, and Florida law applies to their tort claims." Response at 6. This is wrong. The Motion makes clear that Maryland conflicts of law principles apply because this case was transferred from Maryland, but "Florida law applies to **all** substantive issues." Motion at 8 (emphasis added). While Plaintiffs complain "there is no factual record" for a choice of law analysis (Response at 6), in transferring this case, Judge Chuang found that "this case presents a contract dispute centered in Florida." Transfer Order at 8 (DE 23). Plaintiffs' claims relate to Florida insurance policies, applied for, processed, and serviced in Florida, purchased by Florida residents, from a Florida agent. *Id*. at 6-7, 9. And, as to "where" the alleged fraud occurred, the Response asserts that the fraud consists of "conversations with Transamerica's agent Jack Kaye in Florida." Response at 15. Judge Chuang concluded that, "based on these same facts, it appears most likely that Florida law applies to the claims in this

case." Transfer Order at 9 (DE 23). The Response provides no basis for any other conclusion.[2]

## II. PLAINTIFFS' CLAIMS ARE BARRED BY THE RELEVANT STATUTES OF LIMITATIONS AND REPOSE

Although Florida law governs Plaintiffs' substantive claims, Maryland's statute of limitations applies in this case because the action was transferred from Maryland under 28 U.S.C. § 1404(a) and statutes of limitations are procedural rather than substantive. Motion at 8 (collecting authorities); *see also President & Dirs. of Georgetown Coll. v. Madden*, 505 F. Supp. 557, 571 (D. Md. 1980) (statutes of limitations are procedural). The Florida statute of repose applies, however, because Maryland considers such statutes substantive, and applies the law of the state (in this case, Florida) where the cause of action accrued. Motion at 8.

### A. Plaintiffs' Claims Are Barred by Maryland's Statute of Limitations

Plaintiffs attempt to avoid the running of the statute of limitations by arguing that Transamerica's limitations arguments are "premature." *See, e.g.,* Response at 7-8. But as Plaintiffs concede, dismissal on statute of limitations grounds is always appropriate where "it is apparent from the face of the complaint that the claim is time barred." *Id.* at 8 (citing authorities). Because this is such a case, Plaintiffs' claims are barred by Maryland's three-year statute of limitations. Md. Code Ann., Cts. & Jud. Proc. § 5-101.

Plaintiffs argue that their breach of contract claim did not accrue until 2016 when Transamerica "repudiat[ed]" the contract. Response at 9. But Plaintiffs do not identify any term of the contract that was repudiated in 2016. And any information Plaintiffs received in 2016 was nothing more than a restatement of the Policy terms delivered to them in 1990 and 1991.

---

[2] In addition, the Response identifies no difference between Maryland and Florida substantive law, and therefore, it presents nothing more than a "false conflict" that this Court should disregard. *Del Monte Fresh Produce Co. v. Dole Food Co.*, 148 F. Supp. 2d 1326, 1334 (S.D. Fla. 2001) (citing *Tune v. Philip Morris Inc.*, 766 So. 2d 350, 352 (Fla. 2d DCA 2000)).

Plaintiffs cite *Curry v. Trustmark Ins. Co.*, 600 F. App'x 877 (4th Cir. 2015), but that case does not support their repudiation theory and, indeed, the court in *Curry* rejected the plaintiff's contention that his claim for breach of a disability policy accrued only when the insurer repudiated the contract. *Id*. at 883 (finding plaintiffs' breach of contract claims "arose" before alleged repudiation and were time barred). Plaintiffs do not state a claim for breach of contract here, but if they did, the claim arose when the Policies were issued.

With respect to their tort claims, Plaintiffs argue that Maryland's discovery rule should save these claims because "prior to 2016 Transamerica failed to give any indication that the Policies were not permanent." Response at 10. This contention is flatly contradicted by the Policies' written provisions. Policies at 1-2, 15. Plaintiffs miscite *Cooper v. Berkshire Life Ins. Co.*, 810 A.2d 1045 (Md. Ct. App. 2002), a "vanishing premium" case, in which the Court held that the statute of limitations presented factual issues with respect to claims against certain insurance agents who had cultivated a "special relationship" with the plaintiff. *Id.* at 1068; *see id*. at 1072 (whether plaintiffs were reasonable in assuming their agents procured policies consistent with a sales pitch was a fact question based on plaintiff's "special relationship" with agents). The claims asserted here are very different and no special relationship is alleged. *See id*. at 1072.[3]

Notably, one of the cases that *Cooper* distinguished was *Thelen v. Mass. Mut. Life Ins.*

---

[3] The Response misquotes *Cooper* as holding: "'<u>the law is clear that</u> whether a reasonably prudent person should undertake a further investigation is a matter about which reasonable minds can differ and is therefore a question of fact precluding summary judgment.'" Response at 10 (emphasis added). *Cooper* does not include the quoted language "the law is clear." *Id*. Instead, *Cooper* states: "<u>In some circumstances</u> whether a reasonably prudent person should undertake a further investigation is a matter about which reasonable minds can differ…." 810 A.2d at 1072 (emphasis added). The misquoted language is material because, in *Cooper*, the court found that those "circumstances" existed, and distinguished cases like this one, where the terms of the Policies vary conspicuously from alleged misrepresentations in the sales process.

-4-

*Co.*, which involved alleged fraud by the insurer in the sale of a life insurance policy. 111 F. Supp. 2d 688, 692-93 (D. Md. 2000). In *Thelen*, the court dismissed plaintiff's claims based on the statute of limitations, finding that Maryland's discovery rule follows an objective standard, and plaintiffs were "put on notice by the policies themselves which contradicted or failed to incorporate the alleged representations." *Id.* at 692-93. This case is like *Thelen*, not *Cooper*, and the discovery rule does not save Plaintiffs' tort-based claims.

**B.     The Misrepresentation Claims are Barred by Florida's Statute of Repose**

Plaintiffs incorrectly argue that whether the Florida statute of repose has run on a fraud claim is always a jury question, and that the clock on the statute of repose did not begin to run when the fraud occurred. Plaintiffs argue that the statute of repose should begin running anew "[e]ach time the Lebbins made premium payments" or received an account statement because there were "continual omissions every year." Response at 12. Plaintiffs' interpretation of the Florida statute of repose would render the statute meaningless in virtually every case.

Judge Altonaga considered a nearly identical case in *Joseph v. Bernstein*, 2014 WL 12600805 (S.D. Fla. Apr. 21, 2014). In *Joseph*, the plaintiff alleged that his father was fraudulently induced to purchase a second-to-die life insurance policy with a face amount of $3.2 million that he did not need or understand. *Id.* at *1. Plaintiff alleged his father was unaware that the policy would not pay a death benefit until both insureds passed away, and did not understand that "the policy would never pay off if either he or his wife lived to be over 100 years old." *Id.* at *6. Because more than 20 years had passed since the allegedly fraudulent sale, the Court found that plaintiffs' fraud claim was "absolutely barred by Florida's statute of repose" which "completely bars actions for fraud that are not 'begun within 12 years after the date of the commission of the alleged fraud, regardless of the date the fraud was or should have been discovered.'" *Id.* at *6 (quoting Fla. Stat. § 95.031(2)). The *Joseph* analysis applies equally here,

-5-

and the fraud and negligent misrepresentation claims are barred by the statute of repose.[4]

### III. PLAINTIFFS DO NOT STATE A CLAIM FOR BREACH OF CONTRACT

Plaintiffs argue they are "not required to point to a specific contractual provision that Transamerica breached in order to state a claim for breach of contract." Response at 12. Plaintiffs cite no authority for this proposition, and it is inconsistent with governing law. *See Zarrella v. Pac. Life Ins. Co.*, 755 F. Supp. 2d 1231, 1241-42 (S.D. Fla. 2011) (elements of claim for breach of contract include "'(1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach.'") (citation omitted); *Gentry v. Harborage Cottages-Stuart LLP*, 2008 WL 1803637, at *4 (S.D. Fla. Apr. 21, 2008) (contract claim failed where plaintiff did not identify a contract term that was breached).

Although the Complaint does not allege any ambiguity in the Policies,[5] the Response argues for the first time that the Motion should be denied as "premature" because the Policies are "ambiguous." Response at 12. Under Florida law, "[a]n ambiguity exists in an insurance policy only when a term or provision in that policy is susceptible to two or more differing, reasonable interpretations—one resulting in coverage and one resulting in exclusion." *City of Delray Beach*

---

[4] Plaintiffs cite three cases in their Response, none of which suggests that the Plaintiffs can avoid the statute of repose. In *CTS Corp.*, the United States Supreme Court opined that CERCLA does not preempt state statutes of repose, and the district court's dismissal order based on North Carolina's statute of repose should have been affirmed. *CTS Corp. v. Waldburger*, 134 S. Ct. 2175, 2181, 2188 (2014). The Florida Supreme Court's decision in the *Hess* tobacco litigation addressed whether a plaintiff's reliance or a defendant's last act of concealment triggered the statute of repose in a case asserting a fraudulent concealment claim. *Hess v. Philip Morris USA, Inc.*, 175 So. 3d 687, 695 (Fla. 2015). The court concluded that the defendant's act, not plaintiff's reliance, must be used to calculate the repose period. *Id.* Unlike *Hess*, the fraud claims here are based on affirmative misrepresentations that allegedly occurred in 1990. The Complaint does not assert a fraudulent concealment claim. Plaintiffs also cite *Hepp*, an irrelevant case that simply concludes, without analysis, that there are factual issues remaining to be tried. *Hepp v. The Paul Revere Life Ins. Co.*, 120 F. Supp. 3d 1328, 1348 (M.D. Fla. 2015).

[5] It is well settled that a party cannot amend its pleading through a response brief to avoid dismissal. *Varner v. Domestic Corp.*, 2017 WL 3730618, at *6 (S.D. Fla. Feb. 7, 2017).

-6-

*v. Agric. Ins. Co.*, 936 F. Supp. 931, 936 (S.D. Fla. 1994). Plaintiffs have failed to identify any Policy provision that can be reasonably interpreted to provide that the Lebbins "would be insured for the remainder of their lives." Response at 1.

Instead, Plaintiffs simply declare that "Maturity Date" and "Joint Equal Age" are ambiguous. *Id.* at 3, 12, 17. "Maturity Date," however, is not used in any substantive Policy provision, and "Joint Equal Age" is not ambiguous. The Policy Data Pages (Policies at 2) state that the Joint Equal Age was 73 upon issuance of the 1990 Policy, and 74 upon issuance of the 1991 Policy. Moreover, "Joint Equal Age" is not used in any Policy provision subject to two or more reasonable interpretations—one of which would provide permanent life insurance that would <u>never</u> terminate regardless of age. To the contrary, the Policies state that: "While the policy is in force, [Transamerica] will pay the death benefit to the beneficiary if both Joint Insureds die <u>before</u> the *policy anniversary nearest Joint Equal Age 100*…." Policies at 1 (emphasis added); *see also id.* at 1A. And, if either insured survives until that age, the Policies terminate, and Transamerica "will pay the net cash value, if any, to the owner." Policies at 1, 1A, 15. Because there is no plausible interpretation of the Policies under which they require coverage "for life" (Response at 1), the breach of contract claim should be dismissed.[6]

---

[6] Plaintiffs cite three inapposite cases. Response at 12-13. In *Ventana Hotels & Resorts, LLC v. Havana Libre Hotel, LLC*, 2007 WL 2021940 (S.D. Fla. July 11, 2007), the court denied a motion to dismiss because the contractual provision at issue was "reasonably or fairly susceptible of different constructions" and, if construed in plaintiff's favor, would support a breach of contract claim. *Id*. at *2. Here, Plaintiffs do not identify any contractual provision, a reasonable interpretation of which would render their Policies "permanent." Similarly, in *Managed Care Solutions, Inc. v. Cmty. Health Sys., Inc.*, 2011 WL 6024572, at *8 (S.D. Fla. Dec. 2, 2011), the parties offered two different interpretations of a contract, each of which was "plausible." The *Larach* case cited by Plaintiffs is not an ambiguity case at all. *See Larach v. Standard Chartered Bank Int'l (Americas) Ltd.*, 724 F. Supp. 2d 1228, 1239 (S.D. Fla. 2010) (denying motion to dismiss based on disputed factual allegations regarding the extent of plaintiff's pledge regarding his sons' debts).

### IV. PLAINTIFFS' FRAUD AND NEGLIGENT MISREPRESENTATION CLAIMS FAIL ON THE MERITS

Plaintiffs argue that their lack of reasonable reliance "cannot be determined as a matter of law because the alleged misrepresentations involved essential terms of the Policies[.]" Response at 15-16. In support, Plaintiffs rely on *Begualg Inv. Mgmt., Inc. v. Four Seasons Hotel Ltd.*, 2012 WL 1155128, at *6-7 (S.D. Fla. April 5, 2012), which holds: "[w]here misrepresentation of the character or essential terms of a proposed contract occurs, assent to the contract is impossible. In such a case there is no contract at all." (citation omitted). *Begualg*, however, is wholly irrelevant because Plaintiffs do not allege that "there is no contract at all." *Id*. Instead, Plaintiffs allege that the Policies are enforceable contracts and that their interpretation of the Policies is correct. Moreover, the facts in *Begualg* are not remotely similar to this case. In *Begualg*, the plaintiff corporation was formed by non-English speakers who entered into real estate agreements drafted entirely in English. *Id*. at *1. The court denied the defendants' motion to dismiss "because Begualg has alleged that the contracts were in English, that Begualg was not fluent in English, and that it relied on its agent (who also turned out to be [in] collusion with the other Defendants), to translate the material terms of the contract." *Id*. at *6. Plaintiffs here do not deny the existence of a contract or allege that they were unable to read the Policies due to a language barrier.

Plaintiffs also argue that "the interpretation of the policies is disputed and, therefore, not susceptible to consideration on a motion to dismiss." Response at 16. Plaintiffs rely on *Drilling Consultants, Inc. v. First Montauk Sec. Corp.*, 806 F. Supp. 2d 1228, 1237 (M.D. Fla. 2011) and *Whitney Nat'l Bank v. SDC Cmtys., Inc.*, 2010 WL 1270266, at *3 (M.D. Fla. April 1, 2010), both of which are distinguishable. In *Drilling Consultants*, the court denied the defendant's motion to dismiss because the policy illustrations that contradicted the misrepresentations

underlying plaintiff's fraud claim were not a part of the parties' contract or incorporated in the complaint. 806 F. Supp. 2d at 1237. In *Whitney Nat'l Bank*, 2010 WL 1270266, at *3, the court declined to dismiss a fraudulent inducement claim because the court could not determine from the pleadings whether the disputed contractual provision could be interpreted to support the claim. Here, the express terms of the Policies are irreconcilable with the alleged misrepresentation that Plaintiffs were promised insurance "for life." Any reliance by Plaintiffs on such an alleged misrepresentation was unreasonable as a matter of law.[7]

## V. PLAINTIFFS CANNOT STATE A CLAIM FOR VIOLATIONS OF THE MARYLAND CONSUMER PROTECTION ACT

Plaintiffs cite no authority and do not address Transamerica's arguments that (1) the Maryland Consumer Protection Act ("MCPA") does not apply to insurance transactions, and (2) does not apply to sales made outside of Maryland. Motion at 16-17. Failure to oppose an argument is itself sufficient grounds to grant a motion. *In re Checking Account Overdraft Litig.*, 2013 WL 5774287, at *4 (S.D. Fla. Oct. 24, 2013). Moreover, the inapplicability of a particular statute to conduct alleged in a complaint is a question of law, which may be readily resolved on a motion to dismiss. *Gladney v. Am. W. Home Ins. Co.*, 2016 WL 1366029, at *7 (D. Md. Apr. 6, 2016) (dismissing MCPA claims against insurance company); *Elyazidi v. Suntrust Bank*, 780 F.3d 227, 237 (4th Cir. 2015) (affirming dismissal of MCPA claims based on out-of-state conduct). The MCPA claim should be dismissed.

---

[7] The Response also asserts that the Complaint meets the requirements of Rule 9(b) because it identifies representations made by Jack Kaye to Gary and Bernice Lebbin in 1990 regarding the alleged permanent nature of the Policies. Response at 15. However, the Complaint also includes vague allegations about other purported misrepresentations allegedly made by unidentified persons at Transamerica. *See, e.g.*, Compl. ¶¶ 22-23 & Exh. A (attaching a 2017 website printout that could not possibly have been used during the 1990 sales process). These vague allegations do not satisfy Rule 9(b) and the Court should dismiss all such claims that are not based on alleged statements by Mr. Kaye made during the 1990 sales process.

## VI.  PLAINTIFFS MISAPPLY THE LAW OF UNJUST ENRICHMENT

Plaintiffs argue that dismissal of their unjust enrichment claim is "premature because an express contract has not been proven to exist." Response at 19. Plaintiffs, however, attach the Policies to their Complaint and expressly aver that "[t]he Policies are valid, enforceable contracts." Compl. ¶ 62 & Exh. B-C. Transamerica agrees. Accordingly, the existence of an express contract has been stipulated. Plaintiffs' claim for unjust enrichment is not asserted in the alternative, and Plaintiffs' cases do not support their position. *See, e.g.*, *Martorella v. Deutsche Bank Nat'l Trust Co.*, 931 F. Supp. 2d 1218, 1228 (S.D. Fla. 2013) ("[U]pon a showing that an express contract exists … the unjust enrichment claim fails."). Similarly, in *Silver Creek*, the court recognized that "unjust enrichment may only be pleaded in the alternative where one of the parties asserts that the contract governing the dispute is invalid." *Silver Creek Farms, LLC v. Fullington*, 2018 WL 1990522, at *3 (S.D. Fla. Feb. 15, 2018). Where, as here, the unjust enrichment claim relates to an express contract the validity of which is not in dispute, it must be dismissed. *See, e.g.*, *Berry v. Budget Rent A Car Sys., Inc.*, 497 F. Supp. 2d 1361, 1369 (S.D. Fla. 2007) (dismissing unjust enrichment claim with prejudice).

## CONCLUSION

For the foregoing reasons and those stated in the Motion to Dismiss, Transamerica respectfully requests that the Court dismiss Plaintiffs' Complaint with prejudice.[8]

---

[8] Transamerica stands on its Motion with respect to Counts VI, VII, and IX, which should be dismissed for the reasons stated in the Motion. Motion at 19-20.

Dated:  July 6, 2018               Respectfully submitted,

                                   /s/  Richard J. Ovelmen
                                   MARKHAM R. LEVENTHAL (FBN 616140)
                                   mleventhal@carltonfields.com
                                   RICHARD J. OVELMEN (FBN 284904)
                                   rovelmen@carltonfields.com
                                   JULIANNA THOMAS MCCABE (FBN 355010)
                                   jtmccabe@carltonfields.com
                                   CARLTON FIELDS JORDEN BURT, P.A.
                                   Miami Tower, Suite 4200
                                   100 S.E. Second Street
                                   Miami, Florida 33131
                                   Telephone:  (305) 530-0050
                                   Facsimile:  (305) 530-0055

                                   DAWN B. WILLIAMS (*pro hac vice*)
                                   dwilliams@carltonfields.com
                                   CARLTON FIELDS JORDEN BURT, P.A.
                                   Suite 400 West
                                   1025 Thomas Jefferson Street, NW
                                   Washington, DC 20007
                                   Telephone:  (202) 965-8100
                                   Facsimile:  (202) 965-8104

                                   *Counsel for Defendant*
                                   *Transamerica Life Insurance Company*

-12-

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of July, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on the following counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF:

| | |
|---|---|
| Michael Marcil, Esq.<br>Gunster, Yoakley & Stewart, P.A.<br>450 East Las Olas Boulevard, Suite 1400<br>Fort Lauderdale, Florida 33301<br>Telephone: (954) 462-2000<br>Facsimile: (954) 523-1722<br>mmarcil@gunster.com<br><br>*Counsel for Plaintiffs* | James S. Bainbridge, Esq.<br>The Bainbridge Law Firm, LLC<br>1250 Germantown Pike, Suite 203<br>Plymouth Meeting, Pennsylvania 19462<br>Telephone: (484) 690-4542<br>Facsimile: (888) 914-8239<br>jsb@thebainbridgelawfirm.com<br><br>*Counsel for Plaintiffs* |

Emily J. Baxter, Esq.
Gunster, Yoakley & Stewart, P.A.
777 South Flagler Drive, Suite 500 East
West Palm Beach, Florida 33401
Telephone: (561) 650-0660
Facsimile: (561) 655-5677
ebaxter@gunster.com

*Counsel for Plaintiffs*

                                                /s/ Richard J. Ovelmen

115137708