**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 18-CV-80558-MIDDLEBROOKS

THE LEBBIN-SPECTOR FAMILY TRUST,
by and through its trustees Roger M. Lebbin
and Carole Sue Lebbin,

    Plaintiff,

v.

TRANSAMERICA LIFE INSURANCE
COMPANY,

    Defendant.
_____/

**ORDER ON DEFENDANT'S MOTION FOR LEAVE TO FILE RESPONSE TO THE
COURT'S ORDER ON DAMAGES**

THIS CAUSE is before the Court upon a Motion for Leave to File Response to the Court's Order on Damages, filed by Defendant Transamerica Life Insurance Company ("Defendant") on March 11, 2020. (DE 244). Plaintiff, the Lebbin-Spector Family Trust ("Plaintiff") responded on March 25, 2020 (DE 249). Defendant replied on April 2, 2020. (DE 252). For the following reason, Defendant's Motion is denied.

Plaintiff initiated this case arguing that Defendant had wrongfully terminated Plaintiff's life insurance policy. (DE 1). On July 19, 2019, I entered an Order granted summary judgment in favor of Plaintiff on its breach of contract claim. (DE 197). As there were issues which survived summary judgment, the case was set to progress to trial. At calendar call, the Parties informed the Court that they had resolved the remaining issues, and that "there is nothing left to try of this case" (DE 210 at 5:20-21). Accordingly, the Parties asked that they be allowed to brief the issue of damages, rather than proceeding to trial. Particularly, Plaintiff's counsel stated:

> I think the only thing left then is the damages arising out of the summary judgment on our breach of contract claim. I think the parties have a consideration we discussed, and I invite Mr. Markham to respond. But I think our thought is, Your Honor, filing a motion for summary judgment on the damage issue, we don't believe that there is an issue of fact to be resolved. We believe that Your Honor will select the measure of damage -- the appropriate measure of damages, and that's not going to be disputed between the parties, whatever that may be, I believe. And so that would be our request for Your Honor, as a process, would be that we would file a motion for summary judgment on those damages.

(DE 210 at 5:23-6:9). Defendant's counsel responded, stating:

> So yeah, Your Honor. With respect to damages, I'm not sure we necessarily agree that there are no issues of fact. But number one, we would agree to waive the jury trial, and we would agree to a process of basically cross motions for summary judgment on damages.

(DE 210 at 6:11-15). I found that this approach would be reasonable, and asked the parties to clarify whether this briefing would "end the case." (DE 210 at 7:8-9). The Parties stated that it would.[1] Accordingly, on August 8, 2019, I entered an Order setting a briefing schedule. (DE 207). In that Order, I stated that "in order to resolve the issue of damages, the sole remaining issue in this action, the Parties are ORDERED to observe the following summary judgment briefing schedule" and then set dates for the Parties to file cross-motions on Summary Judgment. *Id.* Significantly, the Order made no provisions for another round of briefing, but rather made clear that this briefing was intended to *resolve* the issue of damages.

In accordance with the briefing schedule, Plaintiff filed its Motion for Summary Judgment on August 30, 2019 (DE 214), and Defendant filed a Response and Cross-Motion for Summary Judgment on November 10, 2019 (DE 221). In reviewing Defendant's Cross-Motion for Summary Judgment, I noted that Defendant had failed to affirmatively argue for its preferred damages remedy, and instead argued only that Plaintiff's proposed remedy was incorrect. This was not what the Parties had discussed at Calendar Call and not what I had ordered, as this briefing was intended

---

[1] Aside from motions *in limine*, which have since been resolved. (DE 207).

to resolve the issue of damages. Rather than finding that Defendant had forfeited its opportunity to propose a damages remedy, I assumed that Defendant had intended to comply with my Order, but had done so inartfully. Specifically, I noted that in a section entitled "Plaintiffs Have Failed To Use The Correct Measure Of Damages," Defendant proposed that it should receive "the face amount of the Policies, less the amount of premium that would have been required to keep the Policies in force during Gary Lebbin's remaining life expectancy." (DE 220 at 13). By construing this argument as an issue on which Defendant affirmatively sought summary judgment, I was able to decide the issue of damages on the merits, rather than through procedural default.

Ultimately, I determined that Florida caselaw supported Defendant's proposed damages formulation. I then proceeded to determine whether, based on the agreed facts on the record, it was possible to approximate the premiums which would have been paid had the policy remained in force. I found that there were sufficient facts to make this determination. Although Defendant had argued in its Cross-Motion that damages *were* susceptible to precise calculation, it failed to address how damages should be calculated.[2] However, I found that this oversight did not impact my ability to estimate damages.

Defendant now argues that I violated Rule 56(f) of the Federal Rules of Civil Procedure by determining the appropriate damages formulation and measure of damages without allowing further briefing. Rule 56(f) states that judgment should only be entered "[a]fter giving notice and a reasonable time to respond." Given the Parties' discussion on the record at Calendar Call, and my Order setting the briefing schedule, I find that Defendant was on ample notice that it should

---

[2] The Parties agreed as to the amounts which had been paid each month, but those amounts were not readily apparent on the record. Therefore, I ordered the Parties to supplement the record with these figures.

make all arguments necessary to *resolve* the damages issue. Further, I find that as Defendant argued that damages were susceptible to calculation, Defendant could have addressed how that calculation should be conducted. The Parties and the court have already expended substantial time on this matter, and it would be contrary to the interests of efficiency and judicial economy to reopen briefing to allow Defendant to raise arguments which it could have, but neglected to advance previously. Accordingly, it is hereby **ORDERED and ADJUDGED** that Defendant's Motion for Leave to File Response to the Court's Order on Damages (DE 244) is **DENIED**.

**SIGNED** in Chambers in West Palm Beach, Florida, this 3rd day of April, 2020.

_____

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE